(27 App. Div. 77.)

### RUPPRECHT v. BRIGHTON MILLS.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

INJURIES TO EMPLOYE—DEFECTIVE MACHINERY—KNOWLEDGE—PLEADING.

     A complaint by one employed in a building against his employer for injuries sustained by falling through an elevator shaft is sufficient though it does not allege that the employer knew that the elevator was defective, or that the employé was ignorant of such fact, where his duties were not connected with the elevator.

Appeal from special term.

Action by Thomas Rupprecht against Brighton Mills. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

The action was brought to recover pecuniary damages alleged to have been sustained by the plaintiff in the loss of the services of his minor son through the negligence of the defendant. The complaint alleges that, "owing to the gross carelessness and negligence of the defendant, and without any fault or negligence on the part of the said minor or this plaintiff in any wise contributing thereto," the said minor, while performing his duties as a servant of the defendant, sustained certain injuries "by falling into and through an unguarded and improperly constructed elevator shaft on the premises of the defendant." The demurrer is on the ground that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained for the reason, stated in the opinion of the court, that "there is no allegation in the complaint that defendant knew of the defective condition of the shaft, or that the servant was

ignorant thereof. * * * The gist of the cause of action is the negligence of the master and absence of contributory negligence on the part of the servant. The master's negligence cannot result if he was ignorant of the defects, and want of knowledge must exist on the part of the servant to hold him free from negligence contributing to his injury. Averments covering these foundations for liability must be contained in the complaint. If absent therefrom, no cause of action can be stated." An interlocutory judgment was accordingly directed for the defendant, from which the plaintiff appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Thomas C. T. Crain, for appellant.
Austen G. Fox, for respondent.

O'BRIEN, J. Were this an action of negligence for injuries to a person other than a servant, there would be no ground for questioning the sufficiency of the complaint, because in the general form, which has long been sanctioned as a sufficient pleading, the plaintiff states that the damages which he seeks were due to the negligence of the defendant, and that neither the plaintiff's negligence nor that of his minor son, for the loss of whose services the action is brought, in any way contributed to the injuries; and this is followed by a statement of the cause of the injury, namely, an unguarded and improperly constructed elevator shaft on the premises of the defendant. It is not alleged that the employé worked on the elevator shaft, or had anything to do with it; but, on the contrary, the fair inference is that he was engaged at other work in some other part of the premises, and through the negligence of the defendant, and without fault on his part, was injured. The averment that he was employed by the defendant was proper as showing that he was not a trespasser, but was rightfully on the premises. The principle of obvious risks is not, therefore, directly involved in the complaint, though it is possible it may arise upon the trial. The confusion, therefore, between the necessary averments of a complaint and evidentiary facts led the learned judge into the error of adjudging this complaint insufficient. Where, however, a plaintiff, be he servant or third person, seeks to recover for injuries sustained, not in connection with the machinery or appliances with which he is furnished, or in connection with the place where he is working, and where the doctrine of obvious risks would be applicable, his complaint is sufficient if it has the usual allegations of the defendant's negligence, and the absence of contributory negligence on the part of the plaintiff. Here, although the plaintiff counts on negligence, the defendant succeeded below in his contention that he made a mistake in so doing, and that he should have alleged facts which would have sustained an action upon the doctrine of obvious risks; and that, as upon such a theory there were absent certain necessary averments, the complaint was defective.

It was the plaintiff's right to formulate his own theory, and the allegations in the complaint in support thereof being the usual and proper ones, and sufficient, it was error to sustain the demurrer thereto, and the interlocutory judgment should be reversed, with costs, but with leave to the defendant to withdraw demurrer and answer over on payment of costs. All concur.